FAJARDO SUGAR COMPANY, querellante y apelante, *v.* HON. SOL LUIS DESCARTES, SECRETARIO DE HACIENDA DE PUERTO RICO, querellado y apelado.

Número 10814.

*Sometido:* 26 de enero de 1953. *Resuelto:* 30 de junio de 1954.

*Franceschi & Sifre,* abogados de la apelante; *J. B. Fernández Badillo, Secretario de Justicia Interino,* y *Juan Pedrosa, Jr., Procurador Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del tribunal.

El día 15 de mayo de 1949 la querellante y apelante Fajardo Sugar Company introdujo en Puerto Rico un estibador eléctrico portátil (*bag piler*), para su factoría de caña. Se trata de una especie de hamaca, movida por electricidad, que por medio de una correa, recoge los sacos del piso, los eleva hasta cierta altura, los tira sobre la estiba, para que los peones ajusten los sacos dentro de la estiba. La querellante y apelante solicitó la exención de arbitrios alegando que dicho estibador formaba parte de la maquinaria de la fase fabril productiva del proceso industrial de su factoría de caña. Habiéndose negado la exención por el Negociado de Arbitrios, la querellante y apelante pagó dichos arbitrios, solicitó el reintegro y al serle denegado, acudió al anterior Tribunal de Contribuciones de Puerto Rico solicitando que se ordenara al Secretario de Hacienda devolverle la cantidad pagada.

El anterior Tribunal de Contribuciones de Puerto Rico, por voz de su ilustrado Juez Carlos Santana Becerra, determinó, que por tratarse de una maquinaria que no estaba dedicada a la preservación del producto industrial, ya que el azúcar no es un producto perecedero, no estaba cubierta por la exención. Contra la sentencia dictada, la querellante y apelante formula el siguiente señalamiento de errores: (1) error al resolver que el estibador no se usa en la preservación del azúcar, (2) error al resolver que el azúcar no es un producto perecedero dentro del significado de la sec. 16-B de la ley aplicable.

La ley envuelta en este caso es la sec. 16-B de la Ley de Rentas Internas de Puerto Rico, según quedó enmendada por la Ley núm. 195 de 7 de mayo de 1949 ((1) pág. 615), que disponía:

"Estará exento del pago de los arbitrios impuestos por esta ley todo aparato, maquinaria o equipo que sea esencial para el establecimiento y funcionamiento de plantas industriales; disponiéndose que se considerarán comprendidas en esta exención

làs sub-unidades o fases principales (*major features*) de dichos aparatos, equipo o maquinaria que sean necesarias para reponer otras sub-unidades o para ampliar o mejorar el equipo, pero no estarán incluídas las sub-unidades ni las partes, piezas o accesorios de la maquinaria o de la sub-unidad 'cuyo costo en Puerto Rico' por unidad individual sea menor de veinte (20) dólares.

*Disponiéndose, finalmente, asimismo,* que por ser esta una exención que ampara la maquinaria esencial para el establecimiento de plantas industriales, *deberá entenderse aplicable sólo a la maquinaria de la fase fabril productiva del proceso industrial* que intervenga con las materias primas desde el comienzo del proceso de manufactura hasta su terminación, *pero incluyendo además la maquinaria,* camiones o montacargas (*hoisting units*) que se utilicen exclusiva y permanentemente en la conducción de materia prima y artículos semi-elaborados dentro del circuito (*premises*) de la planta *industrial así como el equipo que se emplee en el envase, rotulación del producto y en la preservación de éste* o de la materia prima en caso de artículos perecederos; pero no amparará la maquinaria, aparatos, equipo ni vehículos empleados en la fase administrativa, distributiva o comercial de la industria . . . . ."

La disposición que tendremos que examinar, es aquella que establece, que entre la maquinaria exenta quedará incluída aquélla utilizada en la *preservación* del artículo manufacturado o de la materia prima a utilizarse cuando se trate de *artículos perecederos,* incorporada por primera vez a la sec. 16-B por la Ley núm. 195 de 7 de mayo de 1949.

La querellante y apelante alega que en la disposición de la ley que declara exento "el equipo que se emplee en el envase, rotulación del producto y en la preservación de éste, en casos de artículos perecederos" puede estar incluído el estibador eléctrico anteriormente descrito, puesto que el mismo se utiliza para la preservación del azúcar después de elaborada. El querellado y apelado, por el contrario, alega, que el término "preservación" debe ser interpretado como aquel proceso industrial que forma parte de la elaboración del producto.

Tiene razón el querellado y apelado. En líneas generales la exención se concede para toda la maquinaria de la fase

fabril del proceso industrial, considerado como algo distinto a la maquinaria empleada para la fase administrativa, distributiva o comercial de la industria concernida. El término "preservación" está utilizado como formando parte del proceso industrial, bien para preparar la materia prima a ser elaborada, como para salvar el producto ya elaborado de los efectos adversos de la ranciedad, volatización (*moulding*), fermento, corrosión o putrefacción mediante los procesos artificiales de cura, estampado, refrigeración o empleo de preservativos reconocidos por la química industrial, sin los cuales no sería posible el uso del producto elaborado, y por lo tanto, incluído dentro del proceso industrial. Véase *Francis v. Tribunal de Contribuciones*, 74 D.P.R. 19, 27.

Si se examina la ley detenidamente nos damos cuenta que la preservación está relacionada con la naturaleza perecedera del producto. Cuando el producto no es perecedero por sí mismo, o sea, no tiene que ser *preservado* para considerarse totalmente elaborado, la exención no se aplica. Se aplica cuando se trate de maquinaria o equipo dedicado a preparar la materia prima antes de la elaboración o de maquinaria o equipo dedicado a preservar el producto durante la elaboración del mismo.

Sin tener que aceptar en todas sus implicaciones la tesis naturalista, que perecedero es todo aquello que lleva dentro de sí los gérmenes de su propia destrucción, o la tesis racionalista, que perecedero es todo aquello que tarde o temprano pueda ser destruído por la acción de los elementos primarios, no podemos considerar el azúcar como un artículo perecedero. Por el contrario, el azúcar es uno de los preservativos utilizados durante el proceso industrial con el fin de aprovechar algunas de las materias primas o de preservar algunos de los artículos elaborados para el consumo humano.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Sr. Sifre no intervino.